# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, Jr., CDCR #C-71742, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN MITCHELL, et al., <br><br> Defendant. | Civil No.  10-1951 MMA (PCL) <br><br> **ORDER DENYING PLAINTIFF'S REQUEST FOR RETURN OF DOCUMENTS** <br><br> **[Doc. No. 14]** |

On September 13, 2010, Plaintiff, an inmate currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding *pro se*, filed a civil action. On January 7, 2011, the Court construed Plaintiff's "Request to Withdrawal Without Penalties" as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) and dismissed this action without prejudice. On May 13, 2011, Plaintiff filed the instant "request for return of original documents filed and never processed pursuant to government code § 6253(c) and California Public Records Act." *See* Doc. No. 14. Plaintiff requests the Court return his "filing on September 8, 2010," as he was unable to make a copy of the document prior to submitting it to the Court for filing due to his indigency. A review of the docket reveals this document to be Plaintiff's original complaint. *See* Doc. No. 1.

Civil Local Rule 79.2 provides:

> All files of the court must remain in the custody of the clerk and no record or paper belonging to the files of the court will be taken from the custody of the clerk without special order of a judge and a proper receipt signed by the person obtaining the record or paper. *No such order will be made except in extraordinary circumstances*. (emphasis added).

Accordingly, in the absence of extraordinary circumstances, the Court **DENIES** Plaintiff's request for return of his original complaint. In addition, Plaintiff should take note that an inmate has no right to free copies of pleadings.[1] *See In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (Section 1915, 28 U.S.C., "does not give the litigant a right to have documents copied and returned to him at government expense"); *see also Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). As a general rule, the Court is not authorized "to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *see also Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (28 U.S.C. § 1915 does not waive costs of litigation other than filing of the complaint and service of process).

The Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees P 4, foll. 28 U.S.C. § 1914. Plaintiff's complaint consists of 165 pages. Therefore, if Plaintiff did not retain a copy of his complaint and he would like the Clerk of Court to reproduce a copy of his complaint, he must submit a written request together with payment of $82.50 to cover the cost of reproduction.

**IT IS SO ORDERED**.

DATED: May 23, 2011

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiff cites California statutory law in support of his request. Without commenting upon the applicability of these laws to this particular issue, the Court notes that section 6253 includes an express requirement that copies of public records be provided only upon payment of the appropriate fees: "Except with respect to public records exempt from disclosure by express provisions of law, each state or local agency, upon a request for a copy of records that reasonably describes an identifiable record or records, shall make the records promptly available to any person *upon payment of fees covering direct costs of duplication*, or a statutory fee if applicable. Upon request, an exact copy shall be provided unless impracticable to do so." *See* Cal. Gov. Code § 6253(b) (emphasis added).